IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOYCE A. CONYERS CARSON | : | CIVIL ACTION |
| | : | |
| v. | : | No. 13-3364 |
| | : | |
| GERMANTOWN HOMES, et al. | : | |

**ORDER**

AND NOW, this 6th day of November, 2013, upon consideration of pro se Plaintiff Joyce A. Conyers Carson's Amendment to the Complaint (Document 7), which makes clear that there is no basis for federal jurisdiction in this case, it is ORDERED the above-captioned civil action is DISMISSED with prejudice. This case shall remain CLOSED.[1]

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, J.

---

[1] By Order of October 17, 2013, this Court dismissed Carson's Amended Complaint without prejudice for failure to sufficiently allege facts demonstrating the existence of diversity jurisdiction. The Court granted Carson leave to file an amended complaint. On November 6, 2013, Carson submitted an amendment to the Complaint, in which she explains she is acting as a personal representative of her father's estate and is filing her wrongful death and survival actions as an administrator in accordance with Pennsylvania law. She asserts she is not filing her Complaint under this Court's diversity jurisdiction because her father's citizenship is the same as the Defendants' citizenship.

Federal court jurisdiction is limited to actions arising under the Constitution, laws, or treaties of the United States, 28 U.S.C. § 1331, or actions in which there is complete diversity of citizenship among the parties and an amount in controversy that exceeds $75,000, *id.* § 1332(a). Because Carson is asserting only state law claims, this Court does not have jurisdiction under § 1331. Furthermore, Carson admits her father was a citizen of Pennsylvania at the time of his death; thus, as explained in this Court's Order of October 17, 2013, diversity of citizenship does not exist for the Court to exercise jurisdiction under § 1332(a). Carson's only relief is to file in state court. Because Carson's amendment makes clear that there is no basis for federal jurisdiction in this case, the case is dismissed with prejudice.